IN THE UNITED STATES DISRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JOHN AND JANE DOE, INDIVIDUALLY
AND AS NEXT FRIENDS OF CHILD DOE,
A MINOR[1]

VS.                                                   **CIVIL ACTION NO. 5:17-cv-310**

LA VERNIA INDEPENDENT SCHOOL                          **PLAINTIFFS DEMAND**
DISTRICT; JOSE H. MORENO, SUPER-                      **A TRIAL BY JURY**
INTENDENT; KRISTEN MARTIN,
PRINCIPAL; BRANDON LAYNE, FORMER
ATHLETIC DIRECTOR AND HEAD COACH;
RICHARD HINOJOSA, ATHLETIC
DIRECTOR; CHRIS TABER, ATHLETIC
DIRECTOR, SCOTT GRUB, HEAD COACH;
KEITH BARNES, COACH.

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND JURY DEMAND

NOW COME the Plaintiffs, JOHN and JANE DOE, individually and as parents and next

friends of CHILD DOE (collectively "Plaintiffs"), by and through their attorneys, and complain

against Defendants LA VERNIA INDEPENDENT SCHOOL DISTRICT ("La Vernia ISD");

JOSE H. MORENO, Individually and in his capacity as SUPERINTENDENT of La Vernia ISD;

KRISTEN MARTIN, Individually and in her capacity as PRINCIPAL of LA VERNIA HIGH

SCHOOL ('the School"); BRANDON LAYNE, Individually and in his capacity as FORMER

ATHLETIC DIRECTOR AND HEAD COACH of the School; RICHARD HINOJOSA,

Individually and in his capacity as ATHLETIC DIRECTOR of the School; CHRIS TABER,

Individually and in his capacity as ATHLETIC DIRECTOR of the School; SCOTT GRUB,

---

[1] Plaintiffs request a protective order shielding the identity of the minor plaintiff herein, due to
the graphic nature of the acts and events made the basis of this lawsuit.

Individually and in his capacity as HEAD COACH of the School; and KEITH BARNES, Individually and in his capacity as COACH of the School.

## JURY DEMAND

1.      The Plaintiffs hereby demand a trial by jury.

## NATURE OF ACTION

2.      This cause of action arises out of the hazing, harassment, bullying, physical and sexual abuse, and other unlawful treatment of CHILD DOE, at La Vernia High School (the "School") in the academic years of 2015-2017.  Plaintiffs allege that Defendant La Vernia ISD lacked policies, practices, and procedures to protect CHILD DOE and similarly situated members of the School's athletic programs from harm, while CHILD DOE was in attendance at the school and participated in school related activities both on and off campus.  As reported in the media, and as evidenced by a slew of recent arrests, a pervasive "rape culture" dominated the School's football program, including hazing, harassment, bullying, physical and sexual abuse, and other unlawful treatment of athletic program participants.  Plaintiffs allege that La Vernia ISD had a duty to train its staff in safe policies, practices, and procedures, as well as to train them concerning their duty to report suspected violations of state and federal law that resulted in injury to students attending any La Vernia ISD school.

3.      The subject hazing rituals and traditions are a form of bullying and have been part of the culture of the School's football team for at least a decade, according to news accounts, and possibly longer.  The teams' coaches have sanctioned these rituals, while other school officials, including La Vernia ISD and the School's principal, athletic director, and coaches, turned a blind eye toward the abuse, even after the abuse was reported to them.  Indeed, the Plaintiffs are but a fraction of the students who have been physically and sexually assaulted pursuant to these

sadistic hazing rituals which include rape, sodomy, unlawful sexual penetration, and sexual abuse. In addition to seeking damages to compensate Plaintiffs for their psychological injuries, CHILD DOE, has withdrawn from the School, also seek injunctive relief that will put an end to the hazing rituals, so that neither they nor future members of the School's football team will be subjected to the same abuses Plaintiffs have suffered.

4.      Defendants JOSE H. MORENO and KRISTEN MARTIN (collectively "the administrators") had a duty to know about the hazing rituals in question, and to implement policies, practices, and procedures, and to train all staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting.

5.      Defendants  BRANDON LAYNE, RICHARD HINOJOSA, CHRIS TABER, SCOTT GRUB, and KEITH BARNES (collectively "the coaches") had a duty to know about the hazing rituals in question, and to follow all policies, practices, and procedures, and to train all athletic staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting.

6.      Plaintiffs allege that Defendants together and individually failed to implement and/or follow policies, procedures, and practices for La Vernia ISD, the School, and the football

program, to protect him from hazing, harassment, bullying, physical and sexual abuse, and other unlawful treatment, during calendar years 2015 – 2017, which caused him physical and emotional injury. Plaintiffs allege deliberate indifference to the pattern of wrongful activities, and a pattern of conscious indifference or neglect to Plaintiffs' civil rights.

7.      This cause of action is brought pursuant to 42 U.S.C. § 1983 and 1988 to redress the deprivation under color of state law and through state law claims of willful and wanton violation of CHILD DOE's rights as secured by the United States Constitution, including the 5th and 14th Amendments, to recover damages resulting from the Defendants' mistreatment and neglect of CHILD DOE while he was in the care and custody of Defendants, in violation of Federal law and the laws of the State of Texas. Plaintiffs further make claims for deliberate indifference to peer based sexual harassment, pursuant to Title VI, 42 U.S.C. §1681(a), et seq.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331, because the matters in controversy arise under 42 U.S.C. § 1983 and 1988, as well as the Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States of America. Plaintiffs further make claims for deliberate indifference to peer based sexual harassment, pursuant to Title IX, 42 U.S.C. §1681(a), et seq. This Court has supplemental jurisdiction to hear CHILD DOE's state law claims, if any, because they are so related to the claims within this Court's original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C. §1367.

9.      Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Western District of Texas. Moreover, upon

4

information and belief, all of the parties reside in the Western District of Texas, San Antonio Division.

**THE PARTIES**

**Plaintiffs**

10.     Plaintiffs JOHN and JANE DOE, individually and as parents and next friends of CHILD DOE, are residents of the city of La Vernia, Wilson County, Texas.

11.     Plaintiff CHILD DOE is a minor and is a resident of the city of La Vernia, Wilson County, Texas.  CHILD DOE attended the School at all relevant times.

**Defendants**

12.     Defendant LA VERNIA INDEPENDENT SCHOOL DISTRICT (hereinafter "LA VERNIA ISD"), is a school district organized under the laws of the State of Texas.  La Vernia ISD was at all pertinent times acting under the color of state law, and was responsible for the care, management, and control of all public school business within its jurisdiction, including the athletic program at the School, and had a duty to know about the hazing rituals in question, and to implement policies, practices, and procedures, and to train all staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting.  La Vernia ISD may be served with process upon the President of the School Board at 13600 US Hwy 87 West, La Vernia, TX 78121, and the Superintendent at 13600 US Hwy 87 West, La Vernia, TX 78121.

13.     Defendant JOSE H. MORENO ("Moreno"), was at all pertinent times the Superintendent of La Vernia ISD, acting under the color of state law, and was responsible for the care, management, and control of all public school business within La Vernia ISD's jurisdiction, including the athletic program at the School, and had a duty to know about the hazing rituals in question, and to implement policies, practices, and procedures, and to train all staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting.  Moreno may be served with process at 13600 US Hwy 87 West La Vernia, TX 78121.

14.     Defendant KRISTEN MARTIN ("Martin"), was at all pertinent times the Principal of the School, acting under the color of state law, and was responsible for the care, management, and control of all public school business at the School, including the athletic program at the School, and had a duty to know about the hazing rituals in question, and to implement policies, practices, and procedures, and to train all staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting. Martin may be served with process at 225 Bluebonnet Road, La Vernia, TX 78121.

15.     Defendant BRANDON LAYNE ("Layne"), was at pertinent times herein, the Athletic Director of the School, and Head Coach of the football program, acting under the color of state

6

law, and was responsible for the athletic program at the School, and had a duty to know about the
hazing rituals in question, and to implement policies, practices, and procedures, and to train all
athletic staff at the School concerning the same, to protect students like CHILD DOE from harm,
as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the
proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas
Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern
mandatory child abuse and neglect reporting.  Layne may be served with process at 1025 East 8th
Street, P.O. Box 461, Ferris, Texas 75125.

16.     Defendant RICHARD HINOJOSA ("Hinojosa"), was at pertinent times herein, the
Athletic Director of the School, acting under the color of state law, and was responsible for the
athletic program at the School, and had a duty to know about the hazing rituals in question, and
to implement policies, practices, and procedures, and to train all athletic staff at the School
concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report
all such incidents or suspicion of such incidents within 48 hours to the proper authorities as
required by state law, including The Texas Family Code Chapter 261, Texas Education Code
§§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child
abuse and neglect reporting.  Hinojosa may be served with process at 225 Bluebonnet Road, La
Vernia, TX 78121.

17.     Defendant CHRIS TABER ("Taber"), was at pertinent times herein, the Athletic Director
of the School, acting under the color of state law, and was responsible for the athletic program at
the School, and had a duty to know about the hazing rituals in question, and to implement
policies, practices, and procedures, and to train all athletic staff at the School concerning the
same, to protect students like CHILD DOE from harm, as well as a duty to report all such

incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting.  Taber may be served with process at 225 Bluebonnet Road, La Vernia, TX 78121.

18.    Defendant SCOTT GRUB ("Grub"), was at pertinent times herein, the Head Coach of the School's football program, acting under the color of state law, and was responsible for the football athletic program at the School, and had a duty to know about the hazing rituals in question, and to implement policies, practices, and procedures, and to train all athletic staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting.  Grub may be served with process at 225 Bluebonnet Road, La Vernia, TX 78121.

19.    Defendant KEITH BARNES ("Barnes"), was at pertinent times herein, a Coach of the School's football program, acting under the color of state law, and was responsible for the football athletic program at the School, and had a duty to know about the hazing rituals in question, and to implement policies, practices, and procedures, and to train all athletic staff at the School concerning the same, to protect students like CHILD DOE from harm, as well as a duty to report all such incidents or suspicion of such incidents within 48 hours to the proper authorities as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern

8

mandatory child abuse and neglect reporting. Barnes may be served with process at 225 Bluebonnet Road, La Vernia, TX 78121.

## STATE ACTION

20.     Defendants were at all times and in all matters acting under color of state law when they permitted CHILD DOE to be subjected to the wrongs and injuries hereinafter set forth.

21.     Defendant La Vernia ISD is a policy maker for itself and for Defendants Martin, Layne, Hinojosa, Taber, Grub, and Barnes. As such, La Vernia ISD acted under color of law for the purposes of formulating the policies, practices, and procedure for the School, during the events made the basis of this litigation.

## FACTUAL ALLEGATIONS

22.     Upon information and belief, La Vernia  High School has had longstanding issues involving hazing and bullying within sports' teams that has assumed the form of sadistic hazing rituals which include rape, sodomy, unlawful sexual penetration, and sexual abuse.

23.     In the fall of 2015, CHILD DOE was a 15-year-old freshman at the School, and a Junior Varsity football player.   During that fall semester and just before playoffs, CHILD DOE was advanced to the School's Varsity football team.

24.     Upon making the School's Varsity football team, CHILD DOE was told by a senior on the football team, to "get ready." CHILD DOE had heard from upperclassmen on the football team and other students that there was a varsity football "initiation."

25.     During the first week of football playoffs, the School played Zapata High School in Zapata, Texas. CHILD DOE and the other Varsity football players were in the Zapata High School visitor locker rooms preparing for the game. It was at this time that CHILD DOE was

attacked by three upperclassmen who grabbed CHILD DOE, and forced him face down on the locker room floor, and held him down as he struggled to get away. An upperclassman then grabbed a Gatorade G2 bottle, and pushed it into CHILD DOE's anus over his shorts. CHILD DOE, violated, angry, and betrayed yelled at them to get away.

26.     The following week at school, CHILD DOE was approached by not only football players, but other students, and asked about what had happened to him. The whole school was talking about CHILD DOE, and what had happened to him in Zapata. In class, a teacher, advised the students that she had heard about the assault, told the class that "it was wrong" and to "cut it out." She also advised the students that she had sent an email to Layne about the incident and that "it would be taken care of." She then proceeded to call CHILD DOE out of class in front of the other students to talk to him. The teacher told CHILD DOE that she was sorry and that "he won't have to worry about it," and, "it will be taken care of."

27.     Later that day, while in the locker room at the high school, Layne dismissed the Junior Varsity players to talk to the Varsity football players. Layne told the players that he had heard about the "initiations" going on, and that it needed to stop because there would be consequences. Layne advised his varsity players, "You won't be able to get a job, no girl will want to date you and you could go to prison...cut it out." Layne did not report the incident to authorities, but instead requested that Barnes be present in the locker room at all times before practice.

28.     Despite the foregoing, approximately two weeks after CHILD DOE's initial attack, he was attacked again. CHILD DOE was standing in front of his locker after practice when two Varsity football players approach him from both sides to grab and force CHILD DOE down to the locker room floor. CHILD DOE was punched and fondled, and was finally able to maneuver to a sitting position in his locker and fight off his attackers.

29.     Two days later, CHILD DOE was attacked again in the locker room, this time before practice, when Barnes was supposed to be monitoring activity. Three Varsity football players grabbed CHILD DOE's feet and forced him face down again. CHILD DOE knew they were trying to "initiate" him because he sees that one student had something in his hand. The attackers got off of him.

30.     At the end of CHILD DOE's freshman school year (2015-2016), Layne resigned and accepted a position at Ferris ISD. Grub became the new Head Coach and Hinojosa became the new Athletic Director.

31.     CHILD DOE began his sophomore year August 1, 2016 with "2-a days" Varsity football practice. About mid-August, after practice, CHILD DOE had finished showering and was by his locker when three senior members of the Varsity football program attacked him. As he was forcibly held down, by two of them, the third took a cardboard tube from a coat hanger and pushed it into CHILD DOE's anus. They were laughing the whole time and told CHILD DOE, "New year, new initiation."

32.     A few weeks later, before the 2016-2017 school year started, CHILD DOE was attacked again by two seniors, in the locker room after practice. They forced CHILD DOE down on the locker room floor; however, CHILD DOE was able to roll under a bench. They gave up and walked away.

33.     Two weeks into the 2016-2017 football season, the team was practicing at the indoor practice facility at the School. A Senior approached CHILD DOE by the weights, and flipped him over, while holding a metal pipe that he threatened to insert in CHILD DOE's anus. The senior dropped it, and walked away, when a coach entered the room.

**La Vernia School District Policies**

11

34.     La Vernia ISD's bullying policy defines prohibited conduct as "hazing, threats, taunting, teasing, confinement, assault, demands for money, destruction of property, theft of valued possessions, name calling, rumor spreading, or ostracism." *See* La Vernia ISD Student Handbook, Appendix I.

35.     Specifically, "bullying" is defined by La Vernia ISD as "when a student or group of students engages in written or verbal expression, expression through electronic means, or physical conduct that occurs on school property, at a school sponsored or school-related activity, or in a vehicle operated by the District and that:

    a.      Has the effect or will have the effect of physically harming a student, damaging a student's property, or placing a student in reasonable fear of harm to the student's person or of damage to the student's property; or

    b.      Is sufficiently severe, persistent, and pervasive enough that the action or threat creates an intimidating, threatening, or abusive educational environment for a student.

*Id.*

36.     La Vernia ISD's policies require that "ANY District employee who suspects or receives notice that a student or group of students has or may have experienced bullying shall immediately notify the principal or designee. A report may be made orally or in writing. The principal or designee shall reduce any oral reports to written form. The principal or designee shall determine whether the allegations in the report, if proven, would constitute prohibited conduct as defined by policy."

37.     La Vernia ISD's policies did not comply with Texas state law, which requires that all such incidents or suspicion of such incidents be reported within 48 hours to the proper authorities

as required by state law, including The Texas Family Code Chapter 261, Texas Education Code §§38.004 and 38.0041, and Texas Administration Code §61.1051, which govern mandatory child abuse and neglect reporting. In addition, Martin, Layne, Hinojosa, Taber, Grub, and Barnes did not follow Vernia ISD policies at they pertained to the football program "initiation" hazing. On information and belief, this was done to protect the program, and its student athletes, eligibility, and reputation.

38. La Vernia ISD's policy concerning sexual assault of students provides that:

> Sexual and other harassment of students by employees are forms of discrimination and are prohibited by law. Employees who suspect a student may have experienced prohibited harassment are obligated to report their concerns to the campus principal or other appropriate district official. All allegations of prohibited harassment of a student by an employee or adult will be reported to the student's parents and promptly investigated. An employee who knows of or suspects child abuse must also report his or her knowledge or suspicion to the appropriate authorities, as required by law. See Reporting Suspected Child Abuse, page 30

> All employees are required by state law to report any suspected child abuse or neglect to a law enforcement agency, Child Protective Services, or appropriate state agency (e.g., state agency operating, licensing, certifying, or registering a facility) within 48 hours of the event that led to the suspicion.

*See* La Vernia ISD Employee Handbook, pps. 30-11. Despite the foregoing, Moreno, Martin, Layne, Hinojosa, Taber, Grub, and Barnes did not follow La Vernia ISD policies at they pertained to the football program "initiation" hazing. On information and belief, this was done to protect the program, and its student athletes, eligibility, and reputation.

## RESPONDEAT SUPERIOR

39. Each and every of the foregoing allegations of acts and omissions was a cause of actual damages to Plaintiffs. As such Defendant La Vernia ISD is further liable for the acts and omissions of its employees, contractors and agents, under the doctrine of Respondeat Superior.

## CLAIMS UNDER 42 U.S.C. 1983, AND THE 5th and 14th AMENDMENTS

40.     Defendants, acting under color of law and acting pursuant to the customs and policies of

La Vernia ISD, deprived CHILD DOE of rights and privileges secured to him by the Fifth and

Fourteenth Amendments to the United States Constitution and by other laws of the United States,

by failing to follow and enforce its policies that were supposed to protect CHILD DOE from harm,

and be free from unwanted and forced intrusion into his body cavities, by tolerating violation of

those policies over many years, and failing to fully investigate incidents of injurious conduct on

the part of its employees towards CHILD DOE and other members of the Varsity football team,

and by failure to take correcting action, after becoming aware of such injuries resulting from

neglect toward CHILD DOE and other students so similarly situated.

41.     Because Defendants were aware of injuries to other students such as CHILD DOE prior to

the incidents made the basis of this cause of action, and further because Defendants failed to take

appropriate corrective action when first learning of the sexual assaults against CHILD DOE,

Defendants acted with conscious indifference to CHILD DOE's rights and the rights of other

students similarly situated, in the following ways:

> a. Defendants knew or should have known that by not supervising their charges
> such acts of bullying, harassment, and sexual assault could occur and go
> unnoticed;
>
> b. Defendants knew or should have known about the traditions of the School,
> which included hazing and bullying of a sexual nature, including sodomizing
> teammates;
>
> c. Defendants knew or should have known that bullying and hazing was so
> prevalent that unwilling participants were forced to take part in acts that were
> assaultive, illegal, and often sexual in nature;
>
> d. Defendants knew or should have known that their failure to properly supervise
> team meetings and the locker rooms of the School posed a high probability of
> serious harm to students, including CHILD DOE;

e. Defendants recklessly did not inform the authorities or administration of the occurrence of hazing and/or abuse to CHILD DOE, in violation La Vernia ISD policies, and state law.

f. Defendants recklessly or consciously disregarded the substantial risks posed by not supervising team meetings and the locker rooms of the School;

g. Defendants recklessly or consciously disregarded the substantial risks that actions were perpetrated against CHILD DOE constituting criminal acts; and,

h. Were otherwise willful and wanton in their conscious disregard of the safety of CHILD DOE.

42.     Defendants failure to take action to protect CHILD DOE from ongoing sexual assault and bullying, constituted actionable neglect and physical abuse in violation of clearly-established law and deprived CHILD DOE of his right to life, liberty, and bodily integrity guaranteed under the Fourteenth Amendment to the United States Constitution, for which Defendants are liable under 42 U.S.C. 1983 for compensatory monetary damages.  The violations set forth herein caused severe injuries and damages to Plaintiffs.

## UNCONSTITUTIONAL FAILURE TO TRAIN AND SUPERVISE

43.     At all relevant times herein, La Vernia ISD and the Administrators named herein were aware of the pattern of sexual assault and bullying which was embodied in the School's "initiation rites" for the Varsity football team, yet took no corrective action.  As evidenced by complains which span a decade, La Vernia ISD and the Administrators had a practice, policy, or procedure of turning a blind eye to wrongdoing by the Coaches and the School's Varsity football program, thereby encouraging wrongful conduct by failing to properly train and supervise the School's coaches, teachers, and teaching assistants.  These practices, policies, and procedures enabled the School's employees to act with deliberate and conscious indifference to the

Constitutional rights of students, such as CHILD DOE, to not be sexually assaulted and bullied at the School.

44.     At all pertinent times herein, the Administrators knew or should have known of a pattern of sexual assault and bullying to members of the Varsity football team at the School, but failed to supervise the Coaches, teachers, and teaching assistants. Such failure to supervise amounted to deliberate and conscious indifference to CHILD DOE's right to life, liberty, and bodily integrity guaranteed under the Fourteenth Amendment to the United States Constitution, for which Defendants are liable under 42 U.S.C. 1983 for compensatory monetary damages. The violations set forth herein caused injuries and damages to Plaintiffs.

### VIOLATIONS OF TITLE IX, SEXUAL HARASSMENT AND BULLYING, LA VERNIA ISD

45.     At all times material herein, La Vernia received Federal school funds.

46.     The foregoing assaults of CHILD DOE constituted sexual harassment, namely, unwelcome conduct of a sexual nature, which included unwelcome sexual advances, and other verbal, non-verbal, and physical conduct of a sexual nature, including sexual touching, sexual conduct. Under the holding of *Davis vs. Monroe County Board of Education*, La Vernia ISD's conduct in this case constituted a *prima facie* violation of Title IX, in that:

a.     The federal funding recipient (La Vernia ISD) was deliberately indifferent to known acts of harassment; and

b.     The harassment was so severe, pervasive, and objectively offensive that is could be said to deprive the Plaintiff of access to educational benefits or opportunities provided by the School.

47.     At all pertinent times herein, La Vernia was deliberately indifferent to known acts of harassment to CHILD DOE. The harassment was so severe, pervasive, and objectively offensive that it could be said to deprive the Plaintiff of access to educational benefits or opportunities

16

provided by the School, for which Defendant La Vernia ISD is liable under 20 U.S.C. 1681(a) for compensatory monetary damages. The violations set forth herein caused injuries and damages to Plaintiffs.

## ATTORNEYS FEES

48.     It was necessary for Plaintiffs to hire the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney's fees and costs under 42 U.S. C. 1988(b), and 29 U.S.C. 794a.

## DAMAGES

49.     As a direct and proximate result of the Defendants' conduct as described herein, Plaintiffs have suffered the following injuries and damages, to which they are entitled to recover herein within the jurisdictional limits of this court:

  a.   Medical expenses past and future;

  b.   Physical pain and mental anguish in the past and future;

  c.   Loss of wages and earning capacity in the past and future;

  d.   Disfigurement in the past;

  e.   Physical impairment in the past;

  f.   Punitive and exemplary damages.

## CONDITIONS PRECEDENT AND ADMINISTRATIVE EXHAUSTION

50.     Plaintiffs contend there is no need for administrative exhaustion in this case, which may otherwise be required pursuant to 19 T.A.C. 89.1185(p). Specifically, the relief requested herein is not such that an administrative hearing officer could provide, and as such, administrative exhaustion is not required. In addition, and in the alternative, there is no requirement to seek

administrative exhaustion if such an effort would be futile, as it would be in this cause.  Plaintiffs state that all other conditions precedent to the filing of this lawsuit have occurred.

## PRAYER FOR INJUNCTIVE DECLARATORY RELIEF

WHEREFORE, Plaintiffs, JOHN & JANE DOE, individually and as Parents and Next Friends of CHILD DOE a minor, request judgment in their favor and pray for relief against Defendants as follows:

51.     For an order declaring that Defendants LA VERNIA ISD, Moreno, Martin, Layne, Hinojosa, Taber, Grub, and Barnes, have acted with willful and wanton disregard to known acts of hazing including assault, battery, and sexual assault;

52.     For an order declaring that Defendants LA VERNIA ISD, Moreno, Martin, Layne, Hinojosa, Taber, Grub, and Barnes have acted with willful and wanton disregard by failing to properly train LA VERNIA ISD teachers, coaches, and staff how to properly supervise and discipline students who engage in hazing, including assault, battery, and sexual assault;

53.     For a permanent injunction restraining and enjoining Defendants LA VERNIA ISD, Moreno, Martin, Layne, Hinojosa, Taber, Grub, and Barnes, from failing to adequately protect Plaintiffs and other similarly situated students, from verbal and physical harassment within the La Vernia ISD, including but not limited to assault, battery, and sexual assault;

54.     For a permanent injunction ordering Defendants LA VERNIA ISD, Moreno, Martin, Layne, Hinojosa, Taber, Grub, and Barnes, to stop engaging in unlawful acts, and to develop policies and procedures for ending any such unlawful acts and the hostile and unsafe environment, including but not limited to the following:

    a.     Require Defendant La Vernia ISD to implement mandatory and effective training programs for La Vernia ISD faculty, staff, coaches, and students on

issues relating to hazing and bullying, and methods to intervene to stop students from hazing/bullying other students.

b.      Require Defendant LA VERNIA ISD to adopt policies with specific guidelines for instructing teachers, coaches, staff, and other La Vernia ISD employees about how to address observed and unobserved acts of hazing, bullying, violence and sexual assault.

c.      Require Defendant LA VERNIA ISD to conduct assemblies for all students in the La Vernia ISD addressing issues of hazing, bullying, and violence, wherein students are instructed about laws prohibiting violence, including but not limited to assault, battery, sexual assault, hazing, and bullying, as well as the detrimental social and psychological effects such behavior has on students' lives.

d.      Require Defendant LA VERNIA ISD to conduct educational sessions wherein student athletes and their parents are instructed about laws prohibiting hazing and bullying and how they impact the athletes' required conduct during school sponsored activities.

e.      Require Defendant LA VERNIA ISD to assign a peer mediator and/or other staff member to La Vernia ISD schools to provide active monitoring for the schools and to address instances of hazing and bullying that arise at the schools.

f.      Require Defendant LA VERNIA ISD to maintain statistical data concerning each complaint of hazing and bullying made by a student, parent, or staff member, as well as the specific action La Vernia ISD personnel took to resolve the complaints.

55.   For a final judgment, upon trial and notice order awarding monetary damages,

attorney's fees, costs of court, against Defendants, jointly and severally, and for such

other and further relief as this Court deems just and proper.

Respectfully submitted,

**MARQUARDT LAW FIRM, P.C.**
15600 N. San Pedro, Suite 100
San Antonio, Texas 78232
(210) 530-4278 Telephone
(210) 247-9396 Facsimile

By:   **/s/ J. K. I vey**
J. K. Ivey
State Bar No.: 10438250
E-mail: jkivey@MarquardtLawFirm.com

19

OF COUNSEL:

**PEÑA & TAPIA**
Attorneys At Law
1101 C Street, Suite #1
P.O. Box 765
Floresville, TX 78114