THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHN AND JANE DOE, | § | |
| INDIVIDUALLY AND AS NEXT | § | |
| FRIENDS OF CHILD DOE, A MINOR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.  5:17-cv-310 |
| | § | |
| LA VERNIA INDEPENDENT | § | |
| SCHOOL DISTRICT, *et al.* | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS KIMBERLY MARTIN, BRANDON LAYNE, RICHARD HINOJOSA,
CHRIS TABER, SCOTT GRUBB, AND KEITH BARNES' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

Defendants Kimberly Martin, Brandon Layne, Richard Hinojosa, Chris Taber, Scott

Grubb, and Keith Barnes file this Motion to Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) as follows.

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES .......................................................................................... iii

NATURE AND STAGE OF PROCEEDINGS ....................................................................1

ARGUMENTS AND AUTHORITIES ...............................................................................2

      A.     The Parents lack standing to assert claims on their own behalves under
            Section 1983. .......................................................................................................2

      B.     Child Doe's official capacity claims must be dismissed as redundant. .............2

      C.     The Individual Defendants are entitled to qualified immunity from Child
            Doe's Section 1983 claims. ................................................................................3

            1.     The analytical framework for the qualified immunity defense. .............3

            2.     There is no constitutional right to be free from private violence. ...........4

            3.     Even if the constitutional right to be free from student-on-student
                 violence exists, it is certainly not a clearly established right. .................7

PRAYER.........................................................................................................................8

CERTIFICATE OF SERVICE ..........................................................................................9

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Brosseau v. Haugen,*
    543 U.S. 194 (2004) ............................................................................8

*Burns-Toole v. Byrne,*
    11 F.3d 1270 (5th Cir. 1994)..........................................................4

*Coon v. Ledbetter,*
    780 F.2d 1158 (5th Cir. 1986).........................................................2

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,*
    489 U.S. 189 (1989) .......................................................................5, 7

*Doe v. Columbia-Brazoria Indep. Sch. Dist.,*
    2017 U.S. App. LEXIS 7902 (5th Cir. 2017)................................6

*Doe v. Covington Cnty. Sch. Dist.,*
    675 F.3d 849 (5th Cir. 2012)............................................... passim

*Doe v. Taylor Indep. Sch. Dist.,*
    15 F.3d 443 (5th Cir. 1994)...........................................................4

*Estate of Brown v. Cypress-Fairbanks Indep. Sch. Dist.,*
    863 F. Supp. 2d 632 (S.D. Tex. 2012) ......................................5, 7

*Estate of Lance v. Lewisville Indep. Sch. Dist.,*
    743 F.3d 982................................................................................6, 7

*Fitzgerald v. Barnstable Sch. Comm.,*
    555 U.S. 246 (2009) .......................................................................1

*Flores v. City of Palacios,*
    381 F.3d 391 (5th Cir. 2004).........................................................3

*Hafer v. Melo,*
    502 U.S. 21 (1991) .........................................................................3

*Harlow v. Fitzgerald,*
    457 U.S. 800 (1982) .......................................................................3

*Johnson v. Dallas Indep. Sch. Dist.,*
    38 F.3d 198 (5th Cir. 1994)...........................................................7

*Johnson v. Hurtt*,
  893 F. Supp. 2d 817 (S.D. Tex. 2012) ........................................................................3

*Morgan v. Swanson*,
  659 F.3d 359 (5th Cir. 2011) ....................................................................................8

*Morin v. Caire*,
  77 F.3d 116 (5th Cir. 1996) ......................................................................................4

*Paul v. Davis*,
  424 U.S. 693 (1976) ..................................................................................................2

*Pearson v. Callahan*,
  555 U.S. 223 (2009) ..................................................................................................3

*Pierce v. Hearne Indep. Sch. Dist.*,
  600 F. App'x 194, 199 (5th Cir. 2015) ....................................................................7

*Polk v. City of Corsicana*,
  2006 U.S. Dist. LEXIS 2719 (N.D. Tex. 2006) ......................................................2

*Rivera v. Houston Indep. Sch. Dist.*,
  349 F.3d 244 (5th Cir. 2003) ....................................................................................7

*Saucier v. Katz*,
  533 U.S. 193 (2001) ..............................................................................................3, 8

*Smith v. Brenoettsy*,
  158 F.3d 908 (5th Cir. 1998) ....................................................................................7

*Teague v. Tex. City Indep. Sch. Dist.*,
  185 F. App'x 355 (5th Cir. 2006) ............................................................................6

*Turner v. Driver*,
  848 F.3d 678 (5th Cir. 2017) ....................................................................................8

*United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*,
  816 F.3d 315 (5th Cir. 2016) ....................................................................................3

*Wilson v. Layne*,
  526 U.S. 603 (1999) ..................................................................................................8

## Nature and Stage of Proceedings

This case arises out of Child Doe's alleged assault by other students while enrolled as a student La Vernia High School (LVHS). Child Doe's parents (the Parents), individually and as next friend of Child Doe, filed the instant lawsuit against La Vernia Independent School District (LVISD), LVISD Superintendent Jose H. Moreno, LVHS Principal Kimberly Martin, and several current and former employees in the LVISD Athletics Department (Brandon Layne, Richard Hinojosa, Chris Taber, Scott Grubb, and Keith Barnes), arising from conduct allegedly perpetrated against Child Doe by students on the LVHS football team.[1] Plaintiffs claim that the Individual Defendants are liable in their official and individual capacities under 42 U.S.C. Section 1983 (Section 1983) because their alleged actions (or inactions) in response to the alleged conduct of Child Doe's teammates violated his constitutional right to bodily integrity.[2] As explained below, the Individual Defendants move to dismiss all claims against them with prejudice pursuant to Rule 12(b)(6) because: (1) the Parents lack standing to assert claims individually under Section 1983; (2) the official capacity claims are redundant of those pleaded against LVISD; and (3) they are entitled to qualified immunity on the personal capacity claims because there is no clearly established constitutional right to be free from private violence at school.

---

[1] Kimberly Martin, Brandon Layne, Richard Hinojosa, Chris Taber, Scott Grubb, and Keith Barnes are hereinafter referred to collectively as "the Individual Defendants." This Motion does not address Plaintiffs' claims against LVISD or Jose H. Moreno.

[2] Plaintiffs also bring claims under Title IX against "La Vernia." *See* Dkt. 1 at ¶¶ 45-47. To the extent Plaintiffs intend to bring claims under Title IX against the Individual Defendants, these claims must be dismissed under Rule 12(b)(6) because Title IX does not impose individual liability. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) (Title IX "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals.").

## Argument and Authorities

**A.     *The Parents lack standing to assert claims on their own behalves under Section 1983.***

In order to prevail in a Section 1983 action, "a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States . . . ."   *Paul v. Davis*, 424 U.S. 693, 700-01 (1976).    Moreover, the Fifth Circuit has long held that a plaintiff who claims the deprivation of constitutional rights is required to prove a violation of his or her own ***personal*** rights.  *See Coon v. Ledbetter,* 780 F.2d 1158, 1160 (5th Cir. 1986) (emphasis added).   Thus, where plaintiffs fail to allege the deprivation of their own constitutional rights, they cannot establish standing necessary to assert a Section 1983 claim.  *See id*.; *see also Polk v. City of Corsicana*, 2006 U.S. Dist. LEXIS 2719, *18-19 (N.D. Tex. 2006) ("Plaintiffs have no standing to sue for alleged acts or omissions that do not infringe upon a legally recognized right belonging to them. Furthermore, although parents certainly feel the injury to a tremendous extent when their child suffers injury, a parent has no civil right to pursue an action pursuant to § 1983 for injuries to their child.") (internal citations and insertions omitted).

The Parents bring claims in this lawsuit both individually and as next friends of Child Doe; however, the Parents unequivocally plead that the allegedly unconstitutional harm was directed solely at Child Doe. *See* Dkt. 1 at ¶¶ 10, 25, 27-33.  The Parents have not alleged (and cannot allege) a personal deprivation of their own constitutional rights.  Therefore, the Parents' individual Section 1983 claims should be dismissed based on their lack of standing.  *See Coon*, 780 F.2d at 1160.

**B.     *Child Doe's official capacity claims must be dismissed as redundant.***

Child Doe claims that he is suing each Individual Defendant in both their individual and official capacities.  Dkt 1 at pp. 1-2.  Suits against public officers in their official capacities

2

"generally represent only another way of pleading an action against an entity of which an officer is an agent." *Johnson v. Hurtt*, 893 F. Supp. 2d 817, 827 (S.D. Tex. 2012) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  In cases that plaintiffs assert redundant claims against governmental agencies and officers in their official capacities, the proper remedy is to dismiss the "official capacity" claims against the individual governmental officials.  *See United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.,* 816 F.3d 315, 322 (5th Cir. 2016).  Therefore, Child Doe's Section 1983 claims against the Individual Defendants in their official capacities are redundant of his claims against LVISD, and they must be dismissed for failure to state a claim upon which relief can be granted.  *See Johnson*, 893 F. Supp. 2d at 827.

**C.    The Individual Defendants are entitled to qualified immunity from Child Doe's Section 1983 claims.**

*1.    The analytical framework for the qualified immunity defense.*

"Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Flores v. City of Palacios*, 381 F.3d 391, 393-94 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Courts apply a two-prong test to determine whether a plaintiff can overcome an official's qualified immunity defense: (1) whether a constitutional right would have been violated on the facts alleged, and (2) whether the right at issue was "clearly established" at the time of the misconduct, rendering the conduct objectively unreasonable.  *See Saucier v. Katz*, 533 U.S. 193, 201 (2001).[3]

---

[3] Courts are permitted to exercise their discretion in determining which of the two prongs to address first.  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

3

Here, Child Doe sues the Individual Defendants under Section 1983, alleging violations of his rights under the Fifth and Fourteenth Amendments, arising from alleged bullying incidents and physical assaults perpetrated by other students. *See* Dkt. 1 at ¶¶ 40-42.[4] Generally, Child Doe asserts that all the Individual Defendants are liable for the alleged acts of his fellow students based on their alleged failure to properly supervise the student perpetrators, failing to follow and enforce policies meant to protect students from harm, and failing to take corrective actions amounting to "conscious indifference." *See id.* at 40-41. Child Doe also asserts that Kimberly Martin is liable under Section 1983 based on her alleged failure to properly train and supervise subordinate employees. *See id.* at ¶ 43. As explained below, Child Doe's allegations, even assumed true as required in the Rule 12(b)(6) context, fail to overcome the Individual Defendants' entitlement to qualified immunity.

2.    *There is no constitutional right to be free from private violence.*

It is well-settled that students have a Fourteenth Amendment right to be free from "***state-occasioned damage***" to their bodily integrity. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451 (5th Cir. 1994) (emphasis added). The emphasized phrase from *Doe v. Taylor* is key because to state a claim under Section 1983, a plaintiff must "(1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *See Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 854-55 (5th Cir. 2012). Absent narrow exceptions, "the Due

---

[4] Child Doe styles his claims as "Claims under 42 U.S.C. 1983, and the 5th and 14th Amendments" in his Original Complaint. *See* Dkt. 1 at p. 14. To the extent Child Doe is attempting to assert claims directly under the United States Constitution, such claims are barred as a matter of law. *See Burns-Toole v. Byrne,* 11 F.3d 1270, 1273 n.3 (5th Cir. 1994). Moreover, Child Doe cannot premise his Section 1983 claims on any purported violation of his Fifth Amendment rights because the Fifth Amendment applies only to the actions of the federal government . . . ." *See Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996).

4

Process Clause of the Fourteenth Amendment was intended to prevent government from abusing its power, or employing it as an instrument of oppression[,]" and "nothing in the language of the Due Process Clause itself requires the State to protect . . . its citizens against invasion by private actors." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989) (insertion and omission added). Thus, generally, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *See id.* at 197; *see also Doe v. Covington*, 675 F.3d at 855; *Estate of Brown v. Cypress-Fairbanks Indep. Sch. Dist.*, 863 F. Supp. 2d 632, 634 (S.D. Tex. 2012).

There are only two exceptions to this general rule. *See Doe v. Covington*, 675 F.3d at 855-56, 853-64. The first exception, endorsed by the Supreme Court in *DeShaney*, is the "special relationship" doctrine. *See DeShaney*, 489 U.S. at 198-200; *Doe v. Covington*, 675 F.3d at 855-56. The second exception (which has never been adopted by the Fifth Circuit) is the "state-created danger" theory. *See Covington*, 675 F.3d at 863-64. As discussed below, neither exception is available to Child Doe in this case.

Under the special relationship doctrine, governmental entities have a constitutional duty to protect individuals from harm by private actors in three circumstances: (1) when the state incarcerates a person; (2) when the state involuntarily commits a person to an institution; or (3) when the state places a child in foster care. *See Doe v. Covington*, 675 F.3d at 856. Importantly, "a public school does not have a special relationship with a student that would require the school to protect the student from harm at the hands of a private actor." *Id.* (emphasis in original). Therefore, because Child Doe does not have a special relationship with any of the Individual Defendants by virtue of being enrolled in a public school, and because the allegedly unconstitutional acts were committed by students rather than state actors, Child

5

Doe cannot premise liability under Section 1983 under the special relationship doctrine. *See id.* (holding the student's young age, compulsory school attendance laws, and even the affirmative act of placing a student in the custody of her abuser did not create a special relationship); *see also Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1001 (5th Cir. 2014 (parents of student who committed suicide because of student-to-student harassment could not state a claim under Section 1983 because no special relationship existed); *Teague v. Tex. City Indep. Sch. Dist.*, 185 F. App'x 355, 357 (5th Cir. 2006) (finding no special relationship between a school and a special education student who was sexually assaulted by another special education student).

The second exception to the general rule that Section 1983 liability cannot attach from the alleged wrongdoings of private actors is the state-created danger theory. *See Doe v. Covington*, 675 F.3d at 865. The Fifth Circuit has expressly refused to adopt the state-created danger theory in the public school context and further "cautioned against finding liability under the state-created danger theory based upon an ineffective policy or practice in cases where the plaintiff's injury is inflicted by a private actor." *Id.* at 865-66; *Estate of Lance*, 743 F.3d at 1002-03 (holding that even if the state-created danger theory was available in the Fifth Circuit, it did not apply to a student who was bullied by his peers, eventually leading to his suicide).

Moreover, even if the state-created danger theory were viable in the Fifth Circuit (which it is not), the allegations as pleaded by Child Doe would not support a viable Section 1983 claim under this theory. Courts in the Fifth Circuit have repeatedly refused to apply the state-created danger theory to school districts based on allegations of student-on-student harassment, violence, and bullying. *See Doe v. Columbia-Brazoria Indep. Sch. Dist.,* 2017 U.S. App. LEXIS 7902, at *11-12 (5th Cir. 2017) ("In summary, Doe's claims are not based

on the private conduct of his assailant but on the District's shortcomings in monitoring the students, training the teachers, and establishing a reporting system for sexual assault. '[A] State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause.'") (quoting *DeShaney*, 489 U.S. at 197); *Estate of Lance*, 743 F.3d at 1002 ("[Plaintiffs'] state-created danger theory as applied to the bullying fails because the School District did not 'create[] an opportunity that would not otherwise have existed,' . . ., or take any action that made [the victim] more likely to be bullied.") (alterations and omission added) (quoting *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 201 (5th Cir. 1994) and *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 250 (5th Cir. 2003)); *Estate of Brown*, 863 F. Supp. 2d at 635 n.4 (refusing to apply state-created danger theory in lawsuit alleging a student's suicide was caused by bullying by other students).

Accordingly, because the only two exceptions that would allow Child Doe to premise his Section 1983 claims against the Individual Defendants based on the acts of other students are unavailable, the Individual Defendants are entitled to qualified immunity because no violation of a constitutional right has been asserted. *See Doe v. Covington*, 675 F.3d at 869.[5]

> 3. *Even if the constitutional right to be free from student-on-student violence exists, it is certainly not a clearly established right.*

Finally, assuming, *arguendo*, that Child Doe could state a claim under Section 1983 based on the alleged acts of his student peers, his right to be free from such private violence

---

[5] Child Doe's failure to supervise and failure to train theories of liability against Kimberly Martin are unavailing for the same reason. That is, for supervisory liability to attach to an individual supervisor, "'the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.'" *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 199 (5th Cir. 2015) (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998)) (citation omitted in original). Therefore, because Child Doe cannot, as a matter of law, establish the violation of any constitutional right premised on the alleged acts of other students, Kimberly Martin is entitled to qualified immunity from his failure to train/failure to supervise claims. *See Doe v. Covington*, 675 F.3d at 869.

cannot be said to be clearly established. "It is important to emphasize that this inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier*, 533 U.S. at 201). "When considering whether a defendant is entitled to qualified immunity, the court 'must ask whether the law so clearly and unambiguously prohibited his conduct that *every* reasonable official would understand that what he is doing violates [the law].'" *Turner v. Driver,* 848 F.3d 678, 685-86 (5th Cir. 2017) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011)) (alteration and emphasis in original, internal quotations omitted).

In this case, given that the Fifth Circuit has explicitly held that students do not have a constitutional right to be free from acts of private actors, the Individual Defendants cannot be found to have violated any "clearly established law" based on Child Doe's allegations of student-on-student violence. *See Turner*, 848 F.3d at 686 ("'[I]f judges . . . disagree on a constitutional question, it is unfair to subject [state actors] to money damages for picking the losing side of the controversy.'") (quoting *Wilson v. Layne*, 526 U.S. 603, 618 (1999)) (alterations added). Therefore, all the Individual Defendants are entitled to qualified immunity because Child Doe does not allege a violation of any clearly established constitutional right to be free from student-on-student actions at school. *See Doe v. Covington,* 675 F.3d at 869.

## **Prayer**

Defendants Kimberly Martin, Brandon Layne, Richard Hinojosa, Chris Taber, Scott Grubb, and Keith Barnes request that the Court grant their Motion to Dismiss pursuant to Rule 12(b)(6), dismiss all of Plaintiffs' claims against them with prejudice, and award the Individual Defendants their taxable costs of Court.

8

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_____

CLAY T. GROVER
State Bar No. 08550280
Fed. I.D. No. 15064
cgrover@rmgllp.com
CORY RUSH
State Bar No. 24074989
Fed. I.D. No. 1125441
crush@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR THE INDIVIDUAL DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2017, I electronically filed the foregoing Individual Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

J.K. Ivey
Marquardt Law Firm, P.C.
15600 N. San Pedro, Suite 100
San Antonio, Texas 78232

Attorney for the Individual
Defendants

9